[No. 21517.   Department One.   February 18, 1929.]

HARRY G. CUBBAGE, *Appellant*, v. RIVERSIDE IRRIGATION DISTRICT, *Respondent*.[1]

*W. H. Patterson*, for appellant.

*Charles A. Johnson*, for respondent.

BEALS, J.—In his complaint in this action, plaintiff alleges a sale of approximately four hundred dollars worth of lumber to the defendant irrigation district, for which he never received pay, and for the value of which he asks judgment.   In its answer defendant alleged that negotiations had been pending between it and one Nelson for the construction of an irrigation system for defendant, the contract to provide that Nelson should receive the district's bonds for his compensation; that the lumber furnished by plaintiff was ordered under the belief that the contract between the district and Nelson had been fully executed, and was ordered on behalf of the contractor and was to be paid for by him.   Defendant denied that it ever ordered the lumber or that it was liable to pay for the value thereof. After a trial the court entered findings of fact in favor

[1]Reported in 274 Pac. 709.

of defendant and a judgment dismissing the action, from which plaintiff appeals.

Mr. M. F. Gilbert, who was, at the time, one of the directors of respondent, testifying on behalf of appellant, after telling of the negotiations with Mr. Nelson, and his departure for Seattle to arrange for the closing of the contract and the execution of the bond required thereby, stated that one 'Arnold appeared upon the scene with some men, having been sent over by Mr. Nelson to begin the construction work desired by respondent; that no lumber appeared for these men to work with, and that Mr. Arnold showed the witness a letter from Mr. Cook, who was said to be Mr. Nelson's foreman, stating that matters would soon be ready for the work to proceed. Very soon after this, Mr. Arnold showed the witness a telegram from Mr. Cook stating that a car of lumber, which had been started on its way by Mr. Nelson, had been damaged by fire, and requesting that lumber be purchased on the ground, so that the men could go to work. Mr. Gilbert consulted with several of the other members of the board of directors of respondent, and then talked to appellant about furnishing the lumber which Mr. Arnold wanted. Mr. Gilbert says that he stated the situation fully to appellant, and that he told appellant that he was under the impression that ten thousand dollars, which, under the contract between the district and Mr. Nelson, the latter was to have ready for use on the construction work within a short time, would be available within thirty days.

Appellant, testifying as a witness on his own behalf, stated that Mr. Gilbert ordered the lumber from him, and that he knew in a general way of the negotiations with Mr. Nelson, the contractor, but that he did not remember whether or not he knew that the contract had been signed, or exactly what progress had

been made in connection therewith. He also stated that, sometime or other, Mr. Gilbert told him that a telegram had been received from Seattle, stating that the contract with Nelson had been signed and the ten thousand dollars would shortly be available out of which his bill would be paid.

The board of directors of respondent did not, at any formal meeting, direct the purchase of any lumber from appellant. The negotiations with Mr. Nelson were never completed, and the tentative contract which he had entered into with respondent was cancelled by respondent, by reason of the fact that Mr. Nelson never executed the bond called for thereby.

It appears from the testimony introduced by appellant that Mr. Gilbert explained the situation to appellant, and that appellant knew, or in law must be held to have known, from the statements made to him, that the lumber which he was furnishing was to be paid for by the contractor, Nelson. The record discloses no reason for doubting Mr. Gilbert's testimony to the effect that he explained the situation fully to appellant, Mr. Gilbert being appellant's witness. Under these circumstances, respondent, a municipal corporation, cannot be held liable to one situated as is appellant in this case. The directors of respondent were admittedly anxious that the work proceed as rapidly as possible, but their actions in relying upon messages sent by Mr. Nelson to Mr. Arnold, his foreman on the ground, and ordering material on the strength thereof, with the explanations made to appellant, created no obligation on the part of respondent.

Appellant cites several decisions of this court in which municipal corporations have been held liable to contractors who either performed work resulting in

benefit to the corporation, under a contract which was for some reason irregular, or performed extra work under a road building contract, under such circumstances as to render the municipality liable for the reasonable value of the work, upon the principle that municipalities are bound by the same standard of right and wrong that the law imposes upon individuals. *Strong & MacDonald v. King County,* 147 Wash. 678, 267 Pac. 436.

The cases cited are inapplicable to the situation here presented, for the reason that appellant's own witness, Mr. Gilbert, testified that, in ordering the lumber, he explained the situation fully to appellant; this witness testifying:

"We entered into a bargain that night, him knowing the things just as they were, and he started delivering lumber, I believe, the next day."

From this and other testimony in the record, we are satisfied that appellant knew the true situation, that he did not furnish the lumber for which he seeks compensation in this action on the credit of respondent, and that respondent is not liable to him for the lumber which he furnished.

It is also undoubtedly true, as expressly found by the trial court, that respondent received no benefit from the lumber furnished by appellant, which was used to build quarters for the use of the men who were to construct the irrigation system, but who never arrived.

The judgment appealed from is affirmed.

MITCHELL, C. J., FULLERTON, and TOLMAN, JJ., concur.